M. HINNANT ET AL. v. JOHNSTON COUNTY HIGHWAY
COMMISSION ET AL.

(Filed 12 February, 1930.)

**Highways C a—County highway commission could discontinue section of
road without giving notice under C. S., 3762, under facts in this case.**

Where a county highway commission is given authority by statute "to
abandon any existing county road or convert it into a cartway" and "to
change or relocate any existing road, and add any new roads," and the
power thus given is limited by an amendment adding the words "as now
given county commissioners by statute" after the word "cartway": *Held,*
the limitation of the amendment refers only to "abandonment" and con-
version into a "cartway," and the county highway commission is given
power to make a change in an old road by discontinuing a short section
thereof without giving notice required of county commissioners by C. S.,
3762, but such discontinuance will be restrained until adequate access to
a cemetery along the discontinuance is provided.

APPEAL by defendants from *Midyette, J.,* at June Term, 1924, of
JOHNSTON. Modified and affirmed.

This was an application for an order to restrain the defendants from
closing a section of a public road. The defendants are the Johnston
County Highway Commission, a corporation, the individual members
thereof, and Joe Pittman, over whose land the section of road extends.
No evidence was offered at the hearing, but the material facts appearing
from the complaint and answers appear to be substantially as herein
given.

The closed section is a part of a public road referred to as Old High-
way 22. It extended in a northeast and southwest direction a distance
of 500 yards on the land of the defendant Pittman. About two years
before the hearing the Johnston County Highway Commission con-
structed and laid a hard surface on New Highway 22, which extends
east and west through Pittman's land. At the east boundary of this
land New Highway 22 connects with the Goldsboro Road which runs
north and south. A triangle is thus formed by the two roads and Pitt-
man's eastern boundary line, and in the northeast corner of the triangle
is a cemetery. After New Highway 22 had been constructed the
Johnston County Highway Commission discontinued the use of the
described section of the old road and authorized Pittman to barricade it
at the western boundary of his land. Thereupon the plaintiffs for
themselves and on behalf of other taxpayers brought suit to enjoin the
defendants from obstructing or discontinuing the section of Old High-
way 22. The defendants admitted that the County Highway Commis-
sion had given no notice of its intention to close the section of the old

road under C. S., 3762, and Judge Midyette continued the restraining order until the hearing in order to give the Commission an opportunity to issue a notice in compliance with said section, without prejudice to the legal rights of the parties. The defendants excepted and appealed.

*Abell & Shepard for plaintiffs.*
*James D. Parker for defendants.*

ADAMS, J. The trial court held as a matter of law that the Johnston County Highway Commission could not change any part of the old road without giving the notice prescribed by section 3762 of the Consolidated Statutes and, as such notice had not been given, that the order of the commission was void. The first question is whether there was error in this ruling.

In 1927 the General Assembly created a county highway commission for Johnston County, assigned it certain functions, and defined its powers. Public-Local Laws 1927, ch. 433. Section 8 was as follows: "That immediately upon its organization the said county highway commission shall assume control of all the public roads of the county of Johnston other than State highways. And the said county highway commission shall cause to be made a general survey and map of all existing county roads in said county, and the said commission is hereby given full authority to abandon any existing county road or to convert the same into a cartway. Said commission is also vested with full authority to change or relocate any existing road, or add any new roads, endeavoring to so arrange and develop the county road system of Johnston County so as to make it coördinate with the State highway system so far as it is practicable to do so, and likewise to serve in the most practicable manner the several towns and community centers created by the consolidation of the public school districts of the county." This section was amended by striking out the period after the word cartway and adding the words "as now given county commissioners by statute." Public-Local Laws 1927, ch. 602, sec. 3. Section 3762 of the Consolidated Statutes provides that the board of county commissioners shall not establish or order the laying out of any public road or discontinue or alter it unless upon petition in writing and unless it appear that every person over whose lands the road may pass shall have had due notice of the intention to file the petition. His Honor was of opinion that the amendment above set out required the County Highway Commission to give a similar notice, but in this conclusion we do not concur. It will be seen that section 8, which we have quoted, contains distinct clauses. In one the County Highway Commission is given full authority to abandon any existing road or to convert it into a cartway,

"as now given county commissioners by statute"; that is, before abandoning a public road or converting it into a cartway the Commission must give the proper notice of a hearing. But in this case the old road was neither converted into a cartway nor abandoned. The order discontinuing a short section of it simply made a change in the old road; and the power to make the change was expressly conferred by the clause of section 8 which provides that the County Highway Commission is vested with full authority to change or relocate any existing road or add any new roads. When nothing more than a change of this kind is made the amended statute does not call for such a notice as section 3762 requires of county commissioners. Moreover, the discontinued part of the old road is on the land of the defendant Pittman, with the exception of a very few feet at the western boundary where the two roads intersect, and he not only does not object, but favors the change.

But the proposed change in the road should not be made until adequate and satisfactory access to the cemetery is provided. Under existing conditions, if the change is effected, approach to the burying-ground must be either over the land of Pittman from Old Highway 22 or over the lands of Mrs. Bowen and Pittman from the Goldsboro Road. Those who have occasion to go there to bury the dead, to care for the graves, to protect the property, or to perform any proper and legitimate act must be free from the possible imputation of committing a trespass on the property of others.

To this end the restraining order will be continued to the hearing, although no notice was necessary for a discontinuance of the section of the old road. As modified the judgment is affirmed.

Modified and affirmed.